# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WEBB, | ) Case No. CV 12-8646 ABC (MRW) |
| Petitioner, | ) |
| vs. | ) ORDER DISMISSING ACTION |
| LINDA T. McGREW, Warden, | ) |
| Respondent. | ) |

   The Court vacates the reference of this action to the Magistrate Judge and dismisses this action.

   According to the petition, Petitioner is a prisoner at the federal correctional facility in Victorville, California. He is currently serving a sentence imposed in a 1997 federal criminal case in the Eastern District of Arkansas. (Docket # 1 at 4.)

   Petitioner explains that the sentence in the federal case was enhanced based on a previous criminal conviction he incurred in 1972 in an Arkansas state court. Petitioner acknowledges that he previously sought to vacate or set aside his federal conviction by motion in 2001. He was unsuccessful. (Id.) Additionally, in 2009,

the Arkansas Supreme Court denied habeas relief on the ground that Petitioner's long-expired state sentence rendered his claim moot. (Id. at 10.)

The present federal habeas petition seeks relief under 28 U.S.C. § 2241. Petitioner challenges aspects of his 1972 state criminal conviction, including the validity of a witness's identification at trial and the effectiveness of defense counsel. The relief he requests from this Court is that his 40-year-old state conviction be "vacated and dismissed." (Id. at 8, 19.)

\* \* \*

AEDPA, the federal statute governing habeas corpus proceedings, generally requires a prisoner to file a petition challenging the validity of a conviction within one year of the date on which the prisoner's judgment became final. 28 U.S.C. §§ 2244(d)(1)(A) (state prisoner); 2255(f)(1) (federal prisoner). The limitations period is generally triggered when the time for appellate review becomes final, or under other specific conditions set forth in the statute. 28 U.S.C. § 2244(d)(1)(A-D); Gonzalez v. Thaler, ___ U.S. ___, 132 S. Ct. 641 (2012); Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011).

In habeas actions, district courts "have the authority – though not the obligation –" to consider the timeliness of petitions under AEDPA "on their own initiative." Wood v. Milyard. ___ U.S. ___, 132 S. Ct. 1826, 1834 (2012). Where the prisoner "is accorded a fair opportunity to present his position," a district court may determine "whether the interests of justice would be better served by addressing the merits [of an untimely habeas petition] or by dismissing the petition as time barred." Id. (quotations omitted).

\* \* \*

Magistrate Judge Wilner screened Petitioner's habeas action and issued an order requiring Petitioner to submit a supplemental statement regarding the timeliness of Petitioner's action. (Docket # 3.) Judge Wilner noted that Petitioner

is not in custody based on his now-expired state conviction.  Moreover, the time to challenge Petitioner's federal conviction (which Petitioner claims was augmented by the state conviction) also expired years ago.  Judge Wilner directed Petitioner to provide more information as to why he contended that the action was timely under AEPDA.

Petitioner submitted a statement in which he claimed that he had been reasonably diligent in challenging his convictions over the years.  (Docket # 9 at 3-4.)  He also argued that he was "factually innocent" of the charge underlying the 1972 conviction, which Petitioner contended was an excuse for his untimeliness under AEDPA.  (Id. at 4-5.)  However, Petitioner offered no new evidence or argument (either in his petition or in response to the Court's supplemental order) supporting his claim of actual innocence.

The Court concludes that Petitioner's federal habeas action is untimely on its face.  Petitioner seeks relief from a 40-year-old state criminal conviction.  He is no longer in custody because of that conviction, and the Arkansas Supreme Court expressly declined to consider Petitioner's state habeas claim on that ground several years ago.  (Docket # 1 at 10.)  Further, to the extent that Petitioner's state conviction affected his federal sentencing, he fails to explain why he was unable to adequately present his claim in federal court over the last 15 years.  Petitioner's bare assertions that he has been diligent or believes that he is actually innocent are insufficient to render his latest habeas action timely.

Federal habeas relief is "not available indefinitely and without limitation." Lackawanna Cty. Dist. Att'y. v. Coss, 532 U.S. 394, 403 (2001) (quotation omitted) (state conviction is "conclusively valid" after time expires for collateral review even if conviction later used to enhance new sentence).  This federal court is unable to consider Petitioner's claim that his 1972 Arkansas conviction was improper.  The Magistrate Judge gave Petitioner an opportunity to explain why his

action was timely.  Even so, his explanation failed to establish a proper reason to allow this action to proceed.  The time for consideration of Petitioner's claim has long since passed.   Therefore, this action is hereby DISMISSED.

    IT IS SO ORDERED.

DATED: December 21, 2012

_____
HON. AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE